In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00021-CV

                                                ______________________________

 

 

 

                                          IN THE MATTER
OF P.A.C.

 

 

                                                                                                  


 

 

                 On Appeal from the 336th Judicial
District Court, Sitting as a Juvenile Court

                                                             Fannin County, Texas

                                                         Trial Court
No. J-2010-35

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            P.A.C., a juvenile, has filed a
motion to dismiss his appeal.  The motion
is signed by P.A.C. and by his attorney. 
We grant the motion and dismiss the appeal.  See
Tex. R. App. P. 42.1(a)(1).  

 

            

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May 9, 2011

Date Decided:             May 10, 2011

 

 






quires much more, a threat intended to place a person in fear
of "imminent bodily injury." This is the reverse of a lesser included offense situation, for
terroristic threat requires proof of a higher level of threat than does retaliation. Thus, we
do not believe that this greater level of threat could be subsumed within the lesser amount
required by retaliation. Even if the evidence could have supported such a result, the jury
did not pass on the greater level, and in the absence of uncontroverted, unchallenged
evidence, we could not put ourselves in the place of the fact-finder and so find for the first
time at this level of review. 
          When we find legally insufficient evidence to support a judgment, we typically
reverse and render. In this case, however, at the time of the adjudication and disposition
sending K. H. to the Texas Youth Commission, he was already on probation for a prior act,
and further action by the trial court will be required to effectuate our judgment. 
          For the reasons set forth above, we reverse the judgment and remand the case for
further proceedings in accordance with this opinion.


                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      March 25, 2005
Date Decided:         July 26, 2005